# EXHIBIT A

## CONTRACT FOR SALE OF REAL ESTATE

This CONTRACT made this _____ day of _____ 2011 between Ben Costanza and Susan Costanza, whose address is 45 E. 35th Street, Bayonne, New Jersey hereinafter referred to as the "Seller", and _____ Purchaser whose address is _____
hereinafter referred to as "Purchaser".

1. PURCHASE CONTRACT. The Seller agrees to sell and the Purchaser agrees to buy the property described in this contract, known as _____ being approximately ____ acres.

2. PURCHASE PRICE. The purchase price is                     $_____

3. PROPERTY. The property to be sold together with the buildings and improvements thereon consists of land and all of the Seller's rights and privileges relating to the land thereto, appertaining, situated, lying and being in the municipality of Spring Lake in the County of Monmouth, and the State of New Jersey known as Block 00022, Lot 00016. A full legal description of the property is attached hereto and made a part hereof.

4. PAYMENT OF PURCHASE PRICE. The Purchaser will pay the purchase price as follows:

    Initial deposit in the form of a certified check, bank cashier's check or other check approved in advance by Max Spann Real Estate & Auction Company and payable to Max Spann Real Estate & Auction Company or Trenk DiPasquale Webster Della Fera & Sodono, P.C. ("Trenk DiPasquale") Attorney Trust Account upon signing of contract.
    
    $_____

    Balance to be paid at closing of title by certified or bank cashier's check drawn on a Federal Deposit Insurance Corporation member institution (subject to adjustment at closing), on delivery of Bargain and Sale, Covenants against Grantor's Acts Deed on the terms and conditions provided in this Contract, to be delivered at the office Max Spann Real Estate & Auction Company on or before _____.

    $_____

    Total                                                        $_____

5. DEPOSIT MONIES. All deposit monies will be held in escrow by Trenk DiPasquale until closing. If the deposit is invested in an interest-bearing account, all earnings belong to the Seller and will not be a credit against the purchase price.

6. TRANSFER OF OWNERSHIP. At the closing, the Seller will transfer ownership of the property to the Purchaser. The Seller will give the Purchaser a properly executed Deed and an adequate Affidavit of Title. Seller shall also provide Purchaser with a Release of Mortgage or funds for the release of any Mortgage which may affect the property.

7. TYPE OF DEED. A Deed is a written document used to transfer ownership of property. In this sale, the Seller agrees to provide and the Purchaser agrees to accept a Deed known as Bargain and Sale Deed with Covenants against Grantor's Acts.

8. PHYSICAL CONDITION OF THE PROPERTY. This property is being sold "AS IS". PURCHASER ACKNOWLEDGES AND AGREES THAT IT IS PURCHASING THE PROPERTY IN "AS IS" AND "WHERE IS" CONDITION, WITH ANY AND ALL FAULTS AND DEFECTS, WHETHER LATENT OR PATENT, AND SUBJECT TO ORDINARY WEAR AND TEAR FROM THE DATE HEREOF THROUGH THE CLOSING DATE. PURCHASER ACKNOWLEDGES THAT IT IS NOT RELYING UPON, AND THAT SELLER IS NOT LIABLE FOR OR BOUND BY, ANY EXPRESS OR IMPLIED WARRANTIES, GUARANTEES, PROMISES, BROKER'S "SET-UPS", STATEMENTS, REPRESENTATIONS OR INFORMATION REGARDING THE PROPERTY' PHYSICAL OR ENVIRONMENTAL CONDITION, INCOME, EXPENSES, OPERATION, USE, COMPLIANCE WITH LAWS, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT AS MAY BE SPECIFICALLY SET FORTH IN THIS CONTRACT. The Seller, Max Spann Real Estate & Auction Company, or anyone on behalf of the Seller or the Max Spann Real Estate & Auction Company, does not make any claims or promises about the condition, zoning or uses, or value of any of the property included in this sale. The Purchaser acknowledges and agrees that it has inspected the property or Purchaser hereby waives such right to inspect the Property.

9. CONDITION OF TITLE - TITLE INSURANCE. **Quality of Title.** Title to be transferred by **Seller to Buyer** shall be insurable by any title insurance company licensed to do business in the State of New Jersey , subject to easements and restrictions of record providing the easements and restrictions do not render title uninsurable. If title is not insurable, the **Buyer's** sole remedy shall be to terminate this Contract, and upon termination all of the deposit monies paid, if any, shall be returned to the **Buyer.**

10. SURVEY. The Purchaser and Seller agree that any survey will be at the expense of the Purchaser. If the Purchaser does not obtain the applicable survey and submit it to the title company within the time appropriate to the title company prior to the closing date hereof, Purchaser agrees to take title subject to the survey exception set forth in the Title Report.

11. RISK OF LOSS. The Seller is responsible for any damage to the property, except for in the event loss or damage to the property exceeds 50%, then Seller may elect to either repair the damage, provide an appropriate credit at closing, or terminate this Contract.

12. ASSESSMENT FOR MUNICIPAL IMPROVEMENTS. Certain municipal improvements (such as side walks and sewers) may result in the municipality charging property owners to pay for the improvements. All charges (assessments) against the property levied prior to closing of title will be the responsibility of the Seller.

13. ADJUSTMENTS AT CLOSING. Taxes, Rents and any other municipal liens are to be apportioned as of the Closing Date. The collected rents, if any, security deposits, if any, water, sewer, taxes, fuel, and all other items normally adjusted shall be apportioned and

2

allowed as of midnight of the day immediately prior to the Closing Date. The parties shall split evenly any real estate transfer tax associated with this transaction. The Purchaser shall be responsible for obtaining any municipal certificates required in connection with this purchase and sale.

14. POSSESSION. At the closing the Purchaser will be given possession of the property. This conveyance shall be subject to the rights, if any, of the public and others in and to any streets and waterways on or abutting the Property.

15. PARTIES LIABLE; liquidated damages. This contract is binding upon all parties who sign it. Neither this Contract, nor any right or rights under this Contract, shall be assigned by the Purchaser without the prior written consent of the Seller. Any assignment made in violation of these provisions shall be null and void. Purchaser represents that he/she has sufficient cash available to consummate the within transaction. Unless the conditions of this Contract shall in all respects be complied with by Purchaser in the manner provided in this Contract, Purchaser shall lose all rights, remedies or actions either at law or equity under this Contract, Purchaser shall lose the deposit as liquidated damages, such damages being difficult, if not impossible, to ascertain, and Seller shall be released from all obligations to convey said Property and retains the right to seek further damages due to Purchaser's default.. This Contract shall become null and void and neither party shall have further rights against the other. Purchaser agrees that this Contract shall not be recorded. If Seller is unable to convey title as set forth herein, Purchaser's sole remedy shall be the return of Purchaser's deposit.

16. NOTICES. All notices under this contract must be in writing. The notices must be delivered personally or mailed by certified mail, return receipt requested, to the other party at the address written in this contract or to that party's attorney. Service shall be deemed effective upon the earlier of actual notice or two (2) business days after placing such notice in the mail.

17. BROKERAGE. Buyer has agreed to pay to Max Spann Auction Real Estate & Auction Company a purchaser's premium as set forth in ¶ 18 herein of ten (10%) percent of the gross sale price in addition to the Contract amount. Max Spann Real Estate & Auction Company shall be responsible for any commission to be paid to other brokers, but only as by prior written Contract executed by Max Spann Real Estate & Auction Company.

18. PURCHASER'S PREMIUM. A Buyer's Premium equal to 10% of purchase price payable by the Purchaser shall be added to the winning bid to determine the final selling price.

19. COMPLETE CONTRACT. This contract is the entire and only Contract between the Purchaser and the Seller. This contract replaces and cancels any previous Contract between the Purchaser and the Seller. This contract can only be changed by a Contract in writing signed by both Purchaser and Seller. The Seller states that the Seller has not made any other contract to sell the property to anyone else.

20. FARMLAND ASSESSMENT. The Property is not presently under farmland assessment. Rollback taxes, if any, as a result of a change in use by Purchaser, will be the responsibility of the Purchaser.

21. TENANCIES. The property is sold free of all tenancies.

22. ATTORNEY REVIEW. This Contract was reviewed and prepared by Seller's counsel. While the terms and conditions herein are non-negotiable and will not be altered, it has been made available for review by prospective purchasers and their legal representation prior to Auction Day and on Auction Day itself. Both parties agree that the three (3) day attorney review period does **not** apply to this transaction. If this Contract relates to a new construction sale, the attached cancellation addendum shall apply pursuant to New Jersey State Law.

23. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT: By signing below the Sellers and Purchasers acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the brokerage firms involved in this transaction prior to the first showing of the property.

24. DECLARATION OF LICENSEE BUSINESS RELATIONSHIP(S):

    a. I, MAX SPANN, AS AN AUTHORIZED REPRESENTATIVE OF MAX SPANN REAL ESTATE & AUCTION COMPANY AM WORKING IN THIS TRANSACTION AS A SELLER'S AGENT.

    b. INFORMATION SUPPLIED BY _____(name of other firm) HAS INDICATED THAT IT IS OPERATING IN THIS TRANSACTION AS A ____ PURCHASER'S AGENT

25. MEGAN'S LAW STATEMENT: UNDER NEW JERSEY LAW, THE COUNTY PROSECUTOR DETERMINES WHETHER AND HOW TO PROVIDE NOTICE OF THE PRESENCE OF CONVICTED SEX OFFENDERS IN AN AREA. IN THEIR PROFESSIONAL CAPACITY, REAL ESTATE LICENSEES ARE NOT ENTITLED TO NOTIFICATION BY THE COUNTY PROSECUTOR UNDER MEGAN'S LAW AND ARE UNABLE TO OBTAIN SUCH INFORMATION FOR YOU. UPON CLOSING, THE COUNTY PROSECUTOR MAY BE CONTACTED FOR SUCH FURTHER INFORMATION AS MAY BE DISCLOSABLE TO YOU.

26. NOTICE ON OFF-SITE CONDITIONS: PURSUANT TO THE NEW RESIDENTIAL CONSTRUCTION OFF-SITE CONDITIONS DISCLOSURE ACT, P.L. 1995 C...253, THE CLERKS OF MUNICIPALITIES IN NEW JERSEY MAINTAIN LISTS OF OFF-SITE CONDITIONS WHICH MAY AFFECT THE VALUE OF RESIDENTIAL PROPERTIES IN THE VICINITY OF THE OFF-SITE CONDITION. PURCHASERS MAY EXAMINE THE LISTS AND ARE ENCOURAGED TO INDEPENDENTLY INVESTIGATE THE AREA SURROUNDING THIS PROPERTY IN ORDER TO BECOME FAMILIAR WITH ANY OFF-SITE CONDITIONS WHICH MAY AFFECT THE VALUE OF THE PROPERTY. IN CASES WHERE A PROPERTY IS LOCATED NEAR THE BORDER OF A MUNCIPALITY, PURCHASERS MAY WISH TO ALSO EXAMINE THE LIST MAINTAINED BY THE NEIGHBORING MUNICIPALITY.

27. SUPPLEMENTAL INFORMATION: Purchaser acknowledges receipt of and has reviewed the additional information about the property.

28. CLOSING: The closing shall take place on or before thirty (30) days after the execution of this Contract (the "Closing Date") at _____.
No financing, inspection, or other contingencies exist in this Contract. In the event that the closing has not taken place by the Closing Date, either party may declare a TIME OF THE ESSENCE Closing Date upon ten (10) calendar days prior written notice to the other party. At the closing, Purchaser shall deliver payment of the Purchase Price along with all closing documents for the benefit of Seller, and Seller shall deliver an executed Deed conveying the Property to Purchaser along with all closing documents for the benefit of Purchaser.

29. FINAL APPROVAL. This Contract is subject to final approval by the Sellers and the United States Bankruptcy Court which shall be obtained within thirty (30) days of the Auction.

30. RELEASE. Max Spann Real Estate & Auction Company is acting only as Auctioneer and Agents and shall no way be liable to the Purchaser or Seller for the performance or non-performance of any of the foregoing conditions of sale. Purchaser releases, quit claims and forever discharges Seller, Max Spann Real Estate & Auction Company, their LICENSEES, EMPLOYEES and any OFFICER or PARTNER of any one of them and any other PERSON, FIRM or CORPORATION who may be liable by or through them from any and all claims, losses or demands, including, but not limited to, personal injury and property damage and all of the consequences thereof, whether known or not, which may arise from the presence of termites or other wood-boring insects, radon, lead-based paint hazards, mold, fungi or indoor air quality, environmental hazards, any defects in the individual on-lot sewage disposal system or deficiencies in the on-site water service system, or any defects or conditions on the Property. Should Seller be in default under the terms of this Contract, or in violation of any seller disclosure law or regulation, this release does not deprive Purchaser of any right to pursue any remedies that may be available under law or equity. This release will survive settlement.

IN WITNESS THEREOF, the parties hereto have duly executed this Contract this day and year first above written.

| _____ | _____ |
| Witness | Purchaser |

| _____ | _____ |
| Witness | Purchaser |

| _____ | _____ |
| Witness | Seller |

| _____ | _____ |
| Witness | Seller |